IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY WILLISCH and SANDRA WILLISCH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 09-5276 |
| | : | |
| **NATIONWIDE INSURANCE COMPANY OF AMERICA** | : | |

| | | |
|---|---|---|
| **JEFFREY D. JUSTICE, II** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 10-5469 |
| | : | |
| **NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA** | : | |

| | | |
|---|---|---|
| **JOHN S. TOMAINE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 13-5408 |
| | : | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY** | : | |

**ORDER**

**AND NOW**, this 10th day of September, 2015, upon consideration of the Plaintiffs' Motion for Final Approval of the Settlement (Document No. 132 in Civ. A. No. 09-5276; Document No. 116 in Civ. A. No. 10-5469; and Document No. 60 in Civ. A. No. 13-5408) and after hearings on March 31, 2015 and September 9, 2015, and the Findings of Fact and Conclusions of Law ((Document No. 139 in Civ. A. No. 09-5276; Document No. 123 in Civ. A. No. 10-5469; and Document No. 67 in Civ. A. No. 13-5408), it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.      The Settlement Agreement entered into between the parties on March 13, 2015 ("Settlement Agreement"), which is incorporated into this Order, is **APPROVED** as fair, reasonable and adequate.

2.      The settlement claims of the Class Representatives and the Class Members are compromised, settled, released, remised, discharged and dismissed as against the defendants on the merits and with prejudice in accordance with the terms of the Settlement Agreement.

3.      The Class Representatives and the Class Members and all persons claiming by or through them are **PERMANENTLY BARRED** and **ENJOINED** from instituting, commencing and/or prosecuting, directly or indirectly, any claim, suit or proceeding against the defendants with respect to any and all settled claims against the defendants.

4.      Pursuant to the terms of the Settlement Agreement, Nationwide shall:

   a.      allocate $4,900,000.00 into a Settlement Fund;

   b.      pay the applicable share of the Net Settlement Fund to Distribution Class Members;

   c.      pay the costs reasonably incurred in connection with administering and distributing Net Settlement Fund proceeds to Distribution Class Members; and

   d.      provide, for a period of two years, the antitheft discount to all car insurance applicants for new and renewal coverage, where Nationwide's VIN Database (or any future internal database established by Nationwide that serves the same function) shows that the applicant's car is equipped with a passive antitheft device installed as the manufacturer's standard equipment.

5.      Class Counsel is awarded from the Settlement Fund attorneys' fees in the

amount of $1,633,333.00, which is 33% of the Settlement Fund, and out-of-pocket expenses in the amount of $85,862.07.

6. The Class Representatives in each case are awarded $5,000.00 from the Settlement Fund, with the $5,000.00 for *Willisch* to be shared by the representative plaintiffs in that case).

7. These awards shall be distributed to Class Counsel pursuant to the terms of the Settlement Agreement.

8. The parties are directed to carry out their obligations under the Settlement Agreement and in compliance with this Order.

9. This action is **DISMISSED WITH PREJUDICE**.

10. The Court retains jurisdiction over this action, the parties and each of the Class Members for all matters relating to this action and the Settlement Agreement, including those matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and this Order.

11. **FINAL JUDGMENT** shall be entered pursuant to Fed. R. Civ. P. 58.

                                              /s/ Timothy J. Savage
                                              TIMOTHY J. SAVAGE, J.